UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RHENETTA BELCHER, et al., <br><br> Plaintiff(s), <br><br> AMBER BALTZLEY, et al., <br><br> Defendant(s). | Case No. 2:17-cv-01675-JCM-NJK <br><br> REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 1915 Plaintiffs are proceeding in this action *pro se* and have requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket Nos. 1, 3, 4, 5. Plaintiffs have also submitted an amended complaint. Docket No. 6.

**I.    BACKGROUND**

On June 15, 2017, Plaintiff Belcher submitted an application to proceed *in forma pauperis*, and all Plaintiffs collectively submitted a complaint. Docket Nos. 1, 1-1. The Court ordered Plaintiffs Andria-Lynette Rudd, Shanecia Santos, and Dawn Tolintino, to each submit a separate request to proceed *in forma pauperis*. Docket No. 2. The Court also notified Plaintiffs that their complaint failed to allege federal jurisdiction and suffered from additional defects. *Id.* The Court granted Plaintiffs leave to file an amended complaint. *Id.* Plaintiffs Rudd, Santos, and Tolintino have submitted the affidavits required by § 1915(a) and Plaintiffs collectively have submitted an

amended complaint.[1]  Docket Nos. 3, 4, 5, 6.

## II. ANALYSIS

### A. Class Action

The amended complaint suffers from multiple deficiencies, all of which the Court does not address in detail. As a threshold matter, however, Plaintiffs improperly attempt to bring this case as a class action. Docket No. 6 at 3. Plaintiffs are proceeding in this case *pro se*. "[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases). Hence, "*Pro se* plaintiffs may not serve as counsel for a class." *Langan v. United Services Auto. Assoc.*, 69 F. Supp. 3d 965, 988-89 (N.D. Cal. 2014). As a result, Plaintiffs cannot proceed with this case as a class action in their capacity as *pro se* litigants and, therefore, subject matter jurisdiction cannot exist under the Class Action Fairness Act ("CAFA"). *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 609 (S.D. Cal. 2014) (finding CAFA unsatisfied for class action

---

[1] The Court's decision on whether or not Plaintiffs have shown an inability to prepay fees and costs is unnecessary to support its instant recommendation. However, the affidavits of Plaintiffs Rudd, Santos, and Tolintino raise serious doubts as to the accuracy of their inability to prepay fees and costs. *See Decosta v. Hawaii*, 2010 U.S. Dist. LEXIS 134581, *1, n.1 (D. Haw. Dec. 20, 2010) (where the court looked "beyond the application to determine the financial condition" of the applicants to determine their inability to prepay fees and costs) (internal citation omitted). Plaintiff Rudd submits that her only monthly expense is $122 in rent; although she has one son, there are no monthly expenses as to the other necessities of life such as food, utilities, and transportation. Docket No. 3. Plaintiff Santos submits that she makes $1,800 per month and that her monthly expenses amount to almost $1,800 (the Court notes that of her monthly expenses, $280 goes towards her energy bill and $150 is spent on toiletries). Docket No. 5. Moreover, Plaintiff Santos submits that she has a car, "which [she] also pay[s] for," (Docket No. 6 at 11), but fails to account for said car as an asset on her affidavit. *Id*. Plaintiff Tolintino submits that she owns a Dodge Durango, which she was able to retrieve from the towing company (Docket No. 6 at 14), but only accounts for a Chevy Tahoe as an asset. Docket No. 4. Moreover, she submits that she has no income but receives an indeterminate amount in child support. *Id*. She also submits that she pays $169 per month for utilities and life insurance, but does not include rent nor food as monthly expenses. *Id*. The Court cautions Plaintiffs that their affidavits were signed under penalty of perjury and that all information presented must be complete and accurate. The Court is within its discretion to dismiss a case *with prejudice* upon belief that any allegation of poverty is untrue. *Thomas v. LVMPD*, 2017 U.S. Dist. LEXIS 33197, at *2 (D. Nev. Feb. 13, 2017).

brought by *pro so* plaintiffs).

**B.     Federal Rule of Civil Procedure 20**

Construing Plaintiffs' amended complaint liberally and disregarding Plaintiffs' explicit intent to bring this case as a class action, the Court finds that, even in the alternative, Plaintiffs were not properly joined under Fed.R.Civ.P. 20. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that *pro se* pleadings must be liberally construed). Under Fed.R.Civ.P. 20, multiple plaintiffs may join in a single case if (1) they assert a right to relief jointly, severally, or if the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and (2) any question of fact or law is common to all parties. A finding by the Court that joinder is not proper is not grounds to dismiss a case in its entirety, but the Court may exercise its discretion to "add or drop" parties. Fed.R.Civ.P. 21. The Court may exercise its discretion under Fed.R.Civ.P. 21 *sua sponte* at any time. *Id.* ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

Plaintiffs' claims do not arise out of the same transaction, occurrence or series of transactions or occurrences and, therefore, Plaintiffs fail to meet the first requirement of Fed.R.Civ.P. 20. Plaintiffs must show that their claims have similar factual backgrounds or "arise out of a systematic pattern of events." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *see also Southern Nevada Confederation of Clubs, Inc. v. Las Vegas Metro. Police Dept.*, 2013 U.S. Dist. LEXIS 106907, at *19-22 (D. Nev. July 13, 2013). In the instant case, the only connection between all four Plaintiffs' claims is the alleged harassing treatment they have dealt with in their interactions with Defendant Amber Baltzley. *See generally* Docket No. 6. Mere allegations of harassment are not enough to create a common transaction or occurrence sufficient to satisfy joinder under Fed.R.Civ.P. 20.

Plaintiffs' claims arise from ten or so incidents over the course of one year, taking place at multiple apartment complexes, and involving employees of their respective apartment complexes, as well as employees of a tow company. *Id.* Plaintiff Belcher's claims arise out of an incident where

3

her car was towed and a separate dispute with her landlord regarding rent upon renewing her lease. Docket No. 6 at 4-8. Plaintiff Rudd's claims arise out of an interaction with an employee of the apartment complex regarding temporary parking passes and a separate verbal altercation with Defendant Baltzley. *Id.* at 9-10. Plaintiff Santos' claims arise out of interactions with a security guard at her apartment complex and a separate dispute with Defendant Baltzley relating to alleged violations of her lease. *Id.* at 10-14. Plaintiff Tolintino's claims arise out of an incident where her car was towed after a notice was placed on her vehicle. *Id.* at 14-15. These incidents are not connected by a common factual thread nor do they illustrate a systematic pattern of events. Therefore, Plaintiffs' claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences and fail to meet the first requirement of Fed.R.Civ.P. 20.

### III.  CONCLUSION

For the reasons discussed above, the Court finds that Plaintiffs were not properly joined in a single case under Fed.R.Civ.P. 20.[2] Accordingly, pursuant to Fed.R.Civ.P. 21, the undersigned **RECOMMENDS** that the applications to proceed *in forma pauperis* for Plaintiffs Rudd, Santos, and Tolintino be **DENIED** (Docket Nos. 3, 4, 5); that these Plaintiffs be removed from the instant case; and that their claims be dismissed without prejudice.

IT IS SO ORDERED.

DATED: January 12, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] In order for plaintiffs to properly join in a single case, Fed.R.Civ.P. 20 also requires that a question of law or fact common to all plaintiffs arises from the action. However, as Plaintiffs do not meet the first requirement, the Court does not reach the issue of whether Plaintiffs meet the second requirement.